### 14389. ATLANTIC PAPER & PULP CORPORATION *v.* WILLIAMS.

JENKINS, P. J. 1. In a suit on an alleged contract for salary, the plaintiff's allegation that "on or about January 15, 1921," he was employed "for the year 1921 at a salary of $250 per month," was sufficient as showing how and when the salary was to be paid. In view of the plaintiff's amendment, the defendant in its brief abandons the remaining grounds of special demurrer and the general demurrer to the petition.

2. By amplification of the general grounds of its motion for new trial, the defendant in its amended motion contends that the verdict for the plaintiff employee was contrary to law, as being without evidence to support it, because the plaintiff's proof failed to show the existence of the yearly contract claimed, or that there had ever been a meeting of the minds of the parties "as to a contract for a definite and specific term," and that such alleged contract was "lacking in mutuality of obligation because the plaintiff did not agree to remain in the employment of the defendant for any definite length of time." The chief contention relates to the plaintiff's testimony that he advised the defendant's agent who employed him as to the contents of a letter received by him from a former employer offering him a position for the ensuing year, and asked the agent

what he could count on for the coming year 1921, and that the agent advised him that the defendant would "do as much for" him as the former employer offered. It is contended that this evidence failed to make out a case. Complaint is also made in the briefs as to the sufficiency of proof relating to the contents of the letter in question, because the letter was not offered in evidence. No objection or exception, however, was taken to the admission of the parol evidence. Under the plaintiff's evidence, offered without objection, as to the contents of the letter, that the agent advised him the company "would accept this letter as a contract from the company for 1921," and will "do the same thing as they will do," and that "he then employed me by the year," and further, that when the plaintiff asked whether he "could count on the job with him for 1921," the agent replied, "we will do as much for you as the Tyler people will do, and we want you to stay with the company," and under the additional evidence as to the acts and duties of the person employing the plaintiff, from which the jury were authorized to find that he was an authorized general agent of the defendant, and the evidence as to the plaintiff's continuance in the employment until his discharge, from which the jury were authorized to find an implied acceptance, if not what was tantamount to an actual express acceptance of the terms of contract which, under the plaintiff's evidence, he himself had proffered for the defendant's acceptance, the verdict was fully authorized, and the general grounds of the motion for new trial as amplified are without merit.

3. The court instructed the jury as follows: "He [referring to the plaintiff] says that he continued in the employment of the defendant from April 1st to January 1st, 9 months, at $250 per month, which would aggregate the sum of $2,250, and he has received during that time, from commissions on the sale of flour, $317.17; so his contention is, in dollars and cents, that the defendant owes him $1,932.83." Error is assigned upon this charge, and it is contended that, since the evidence showed that the plaintiff was discharged and performed no service for the defendant after April 1, 1921, the use of the language "continued in the employment" of the defendant after that date was misleading, confusing, and "tended to impress the jury with the idea that services of value had been performed by plaintiff for defendant for which he had never been paid." Under the clearly defined issue raised by the pleadings and proof, by which the plaintiff sought the recovery solely of salary, not for services actually performed, but due on account of his discharge under his alleged yearly contract, and under the judge's charge clearly stating the contentions with reference thereto, the language complained of, if slightly inapt, could not reasonably have misled the jury, but must have been taken as palpably intended to mean that the plaintiff contended that his contract of employment "continued" for the period stated, or that he legally "continued" as such employee under the contract.          *Judgment affirmed.          Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 12, 1923.

Action for breach of contract; from Chatham superior court— Judge Meldrim. February 16, 1923.

*Hitch, Denmark & Lovett,* for plaintiff in error.
*W. G. Warnell, Simon N. Gazan,* contra.